UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 2023-CV-247

ANNMARIE GEARY,

      Plaintiff,

vs.

PACIFICA DAYTONA LLC dba
PERRY'S OCEAN EDGE RESORT,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, ANNMARIE GEARY, (hereinafter "Plaintiff") through undersigned counsel, hereby files this Complaint and sues PACIFICA DAYTONA LLC dba PERRY'S OCEAN EDGE RESORT, (hereinafter referred to as "the Defendant"), and states as follows:

1. The Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. 12182 et seq., the 2010 ADA Standards (AMERICANS WITH DISABILITIES ACT" or "ADA").

2. Venue is proper in this Court, the Middle District, pursuant to 28 U.S.C. §1391(B) and rule 3.1 Local Rules of the United States District for the Southern District of Florida in that all the events giving rise to the lawsuit occurred in Volusia, Florida at Defendant's Daytona Shores location, (hereinafter "Subject Facility") and/or also maintains and controls the Subject Facility located at 2209 S ATLANTIC AVE DAYTONA BEACH SHORES   FL   32118 ("Subject

Property").

## PARTIES

6.  Plaintiff, Annmarie Geary is sui juris and is an individual that has been diagnosed with vision impairment and was diagnosed as legally blind in 2016.  Plaintiff has no vision in one eye and only peripheral vision in the other area.  The Social Security Administration has acknowledged Plaintiff's status as a person with a qualified disability.

7.  Plaintiff relies on  a service animal to assist her with traversing public and private areas. She is substantially limited in performing one or more major life activities, including but not limited to: walking and seeing due to her disability.

8.  Plaintiff regularly travels to Defendant's facility in Daytona Beach for family vacations and has been doing so for forty (40) years.

9.  In order to assist her with these limitations, Plaintiff has a service animal trained[1] to assist her to walk, prevent falling or after having fallen, to fetch items she cannot reach including those she drops due to her disability.

10. Prior to her visit in 2020, Plaintiff provided documentation of her service animal's medical records reflecting up to date vaccinations and the service animal training and status.

11. At the time of Plaintiff's last visit to Defendant's facility in 2020 and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. The Plaintiff personally visited the Defendant's facility but was denied full and equal access and full and equal

---

[1] Plaintiff's service animal has been fully trained and has never caused any safety risk or concern by any public accommodation, including Defendant's, and complies with orders to remain in designated areas.

enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though she would be classified as a "bona fide patron". Specifically, Defendant refused to permit Plaintiff to access various areas of the facility and required Plaintiff to spend numerous hours of her vacation disputing the matter in the management office.

12. Moreover, Plaintiff was embarrassed and humiliated by the derogatory treatment she received from Defendant's employees and management in front of other patrons in a loud manner drawing unnecessary attention to Plaintiff.

13. Defendant's staff guarded the deck area where Plaintiff attempted to spend time with her family and prevented her from accessing this area with her service animal.

14. Additionally, management called Plaintiff and her family into the lobby area to advise she must keep her dog in her room or there would be repercussions, again in front of other guests.

15. Plaintiff will avail herself of the services offered at the facility in the future, provided that the Defendant modify the premises or modify its policies and practices to accommodate individuals who use service animals. Plaintiff visits Daytona Beach annually for her family vacations.

16. It is the Plaintiff's belief that said violations will not be corrected without court intervention, and thus the Plaintiff will suffer legal harm and injury in the near future.

17. Defendant is a place of lodging and a public accommodation and is required to comply with Title III of the Americans with Disabilities Act (ADA) and regulations propounded by the United States Department of Justice under the ADA.

**<u>COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>**

18. Plaintiff adopts and re-alleges the allegations stated in paragraph "1" through "17" of this complaint as if fully stated herein.

19. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

20. Congress found, among other things, that:

    (i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    (ii)    historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    (iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

    (iv)    individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from

dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

      i.    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

      ii.    provide, clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

      iii.    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

    U.S.C. §12101(b)(1)(2) and (4).

22. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it is an establishment which provides services to the general public, and must be in compliance therewith.

23. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the subject property as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

24. Plaintiff has visited the Subject Property, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact. Defendant refused to permit Plaintiff to use and enjoy various public areas of Defendant's facility due to her service animal. Furthermore,

Defendant interrupted Plaintiff's family vacation by requiring her to address the use of her service animal with the management numerous times throughout her stay.

25. Plaintiff intends to return on a spontaneous, full and equal basis within the next year upon Defendant making the necessary changes to its policies and procedures. However, Plaintiff is precluded from the equal access, use and enjoyment of the facility because of Defendant's failure and refusal to provide disabled persons with service animals with full and equal access. Therefore, Plaintiff continues to suffer from discrimination and injury due to discriminatory exclusion of Plaintiff and her service animal which is a violation of the ADA.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

27. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of denying access to Plaintiff due to the presence of her service animal.

28. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment of a place of public accommodation accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

29. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

30. Providing access to Plaintiff in the presence of her service animal is readily achievable and causes no "Undue Hardship" to Defendant as doing so does not create significant difficulty or expense.  42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28 C.F.R. 36.304.

31. Upon information and belief, there is little to no financial cost to Defendant to change its policy to permit access to persons with disabilities relying on service animals other than to train its staff to comply with the ADA.

32. Additionally, providing medical services to Plaintiff and others with service animals poses no risk of harm or danger to Defendant or its constituents.

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter Defendant's policies and procedures to provide equal access to individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requested changes in policy are completed.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

    A. That this Honorable Court declares that the Subject public accommodation owned, operated and/or controlled by the Defendant is in violation of the ADA due to its discriminatory practices;

B.  That this Honorable Court enter an Order requiring Defendant to alter its policies and procedures to make its entire facility accessible by individuals with disabilities who are accompanied and supported by service animals to the full extent required by Title III of the ADA;

C.  That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures and permit service animals;

D.  To promulgate, train and comply with the policies and procedures to ensure that Defendant and its employees and/or agents do not discriminate against individuals with disabilities;

E.  Award reasonable costs and attorneys' fees; and

F.  Award any and all other relief that this Court deems proper.

Dated this 13th day of February, 2023.

Respectfully submitted,
**The Advocacy Group**
*Attorneys for Plaintiff*
111 NE 1st Street, 8th Floor #8517
Miami, FL 33132
Telephone: (954) 282-1858
Primary Email: jkerr@advocacypa.com
Service Email: service@advocacypa.com

By: _/s/ Jessica L. Kerr_____
Jessica L. Kerr, Esq.
Fla. Bar No. 92810